## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
 UNITED STATES OF AMERICA, *et al.*,    )
*ex rel*. DOE, *et al.*,                            )
                                                    )          Civil Action No. 1:17-00791 (RBW)
                                                    )
                    Plaintiffs,                     )
                                                    )
         v.                                         )
                                                    )
NOVO NORDISK, INC., *et al*.                        )
                                                    )
                    Defendants.                     )
_____)

## JOINT STATUS REPORT

Pursuant to the Court's October 5, 2017, Order (Doc. 36) requiring a joint status report on relators' claims to the settlement proceeds, the United States, the Named Plaintiff States, and Relators Gratton and Hippolyte hereby submit this Joint Status Report.

1.       As this Court is aware, a False Claims Act ("FCA") action may be brought by either the Attorney General or a private person, known as a relator, on behalf of the government. 31 U.S.C. 3730(a); 31 U.S.C. 3730(b)(1).  Actions by relators are known as "*qui tams*."  If a *qui tam* action results in a recovery, a proper relator is entitled to a "share" of the recovery in the range set forth in the statute. 31 U.S.C. 3730(d).  Of particular relevance to this case, the FCA includes a "first-to-file" bar, 31 U.S.C. § 3730(b)(5), which states that, "[w]hen a person brings [a qui tam action], no person other than the Government may intervene or bring a related action based on the facts underlying the pending action."  Absent particular circumstances set forth in the statute, 31 U.S.C. 3730(d)(1) provides that in an action such as this one where the United

States has partially intervened and settled the action, the relator share award shall be between 15 percent and 25 percent of the proceeds of the settlement.

2.        Similarly, the participating named plaintiff *qui tam* states have statutes that provide for payment of a relator share of the proceeds of a settlement.[1]

3.        On October 27, 2017, Relator Kennedy filed a motion titled "Relator Kennedy's Motion for Immediate Award of Relator's Share" *in United States ex rel. Kennedy v. Novo A/S, et al.*, Civil Action No. 13-1529 (RBW).

4.        Relators Ferrara *et al.* intend to file promptly, on or before October 31, 2017, a pleading in *United States ex rel. Ferrara, et al. v. Novo Nordisk, Inc., et al*., Civil Action No. 11-0074 (RBW), supporting Relator Kennedy's Motion on "first to file" and disbursement of an

---

[1] *See* the California False Claims Act, Cal. Gov't Code § 12650, *et seq.*; the Colorado Medicaid False Claims Act, Colo. Rev. Stat. § 25.5-4-303.5, *et seq.*; the Connecticut False Claims Act for Medical Assistance Programs, Conn. Gen. Stat. § 17b-301, *et seq.*; the Delaware False Claims and Reporting Act, Del. Code Ann. Tit. 6, § 1201, *et seq.*; the Florida False Claims Act, Fla. Stat. § 68.081, *et seq.*; the Georgia False Medicaid Claims Act, GA. Code Ann. § 49-4-168 (2012), *et seq.*; the Hawaii False Claims Act, Haw. Rev. Stat. § 661-21, *et seq.*; the Illinois Whistleblower Reward and Protection Act, 740 Ill. Comp. Stat. § 175/1, *et seq.*; the Indiana False Claims and Whistleblower Protection Act, IC § 5-11-5.5 *et seq.*; the Iowa False Claims Act, Iowa Code § 685.1, *et seq.*; the Louisiana Medical Assistance Programs Integrity Law, La. Rev. Stat. § 46:437.1, *et seq.*; the Maryland False Health Claims Act, MD. Code Ann. Health-Gen. § 2-601, *et seq.*; the Massachusetts False Claims Act, Mass. Ann. Laws Ch. 12, § 5(A) (2012), *et seq.*; the Michigan Medicaid False Claims Act, Mich. Comp. Laws Serv. § 400.601, *et seq.*; the Minnesota False Claims Act, Minn. Stat. § 15C.01, *et seq.*; the Montana False Claims Act, Mont. Code Ann. § 17-8-401 *et seq.*; the Nevada Submission of False Claims to State or Local Government Act, Nev. Rev. Stat. § 357.010, *et seq.*; the New Hampshire Medicaid False Claims Act, N.H. Rev. Stat. Ann. § 167:61-b (2013) *et seq.*; the New Jersey False Claims Act, N.J.S.A. 2A: 32C-1, *et seq.*; the New Mexico Medicaid False Claims Act, N.M. Stat. Ann. § 27-14-1, *et seq.*; the New York False Claims Act, N.Y. Fin. Law § 187, *et seq.*; the North Carolina False Claims Act, N.C. Gen. Stat. § 1-605; the Oklahoma Medicaid False Claims Act, Okla. Stat. tit. 63, § 5053, *et seq.*; the Rhode Island False Claims Act, R.I. Gen. Laws § 9-1.1-1, *et seq.*; the Tennessee Medicaid False Claims Act, Tenn. Code Ann. § 71-5-181, *et seq.*; the Texas Medicaid Fraud Prevention Act, Tex. Hum. Res. Code 36.102, *et seq.*; the Vermont False Claims Act, Vt. Stat. Ann. Title 32 § 630, *et seq.*; the Virginia Fraud Against Taxpayers Act, VA. Code Ann. § 8.01-216.1, *et seq.*; the Washington State Medicaid Fraud False Claims Act, RCW 74.66.005 *et seq.*; the Wisconsin False Claims for Medical Assistance Act, Wis. Stat. § 20.931 (2011), *et seq.*; and the District of Columbia False Claims Act, D.C. Code Ann. § 2-381.01, *et seq.*

interim award of 15% of the relator share and also setting forth alternative grounds for finding

that the Ferrara Relators are the "first to file" entitled to a share of the overall settlement

proceeds.

5.      Relators Dastous, Myers, Stepe, and Gratton and Hippolyte plan on opposing

Relator Kennedy's motion and the filing of Ferrara *et al.* [2]

6.      The Parties propose the following briefing schedule to address these issues:  (1)

any responses to the filings of Relator Kennedy and Relators Ferrara, *et al.* be filed on or before

November 17, 2017, and (2) any reply briefs regarding the filings of Relator Kennedy and

Relators Ferrara, *et al.* or responses to briefs filed on or before November 17, 2017, be filed on

or before December 1, 2017.  The Parties further propose that all Relators file briefs in their own

cases only and provide copies of such filings to the relators in the other cases by e-mail.

DATED:   October 27, 2017                    Respectfully submitted,

                                             CHAD A. READLER
                                             Acting Assistant Attorney General

                                             JESSIE K. LIU
                                             United States Attorney for the District of Columbia

                                             DANIEL F. VAN HORN
                                             Chief, Civil Division



                                             By: /s Darrell C. Valdez
                                                 DARRELL C. VALDEZ (D.C. Bar No. 420232)
                                                 Assistant United States Attorney

---

[2]Relators Dastous, Myers, and Stepe filed the following actions:  *United States of America, ex rel. Dastous v. Novo Nordisk, Inc.*, Civil Action No. 11-01662 (RBW), *United States of America, et al., ex rel. Myers v. Novo Nordisk, Inc.,* Civil Action No. 11-01596 (RBW), and *United States of America, ex rel. Stepe v. Novo Nordisk, Inc.,* Civil Action No. 13-221(RBW).

U.S. Attorney's Office for the District of Columbia
555 4th Street, NW
Washington, DC 20530
Tel: 202.252.2507
Fax: 202.252.2599
Darrell.Valdez@usdoj.gov

MICHAEL D. GRANSTON (D.C. Bar No. 446258)
JAMIE ANN YAVELBERG (D.C. Bar No. 445473)
WILLIAM E. OLSON (D.C. Bar No. 480087)
Attorneys, Civil Division
Commercial Litigation Branch
P.O. Box 261, Ben Franklin Station
Washington, D.C. 20044
Tel: 202.305.3905

Counsel for the United States of America

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

RAYMOND C. WINTER
Chief, Civil Medicaid Fraud Division

By: /s/ Greg T. Kinskey
GREG T. KINSKEY
Texas Bar No. 24015125
Pennsylvania ID No. 44770
Assistant Attorney General
Civil Medicaid Fraud Division
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-0674 (fax)
(512) 936-1415 (office)
greg.kinskey@oag.texas.gov

ATTORNEYS FOR THE STATE OF TEXAS

4

and on behalf of and at the request of the States of California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Illinois, Indiana, Iowa, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Montana, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Oklahoma, Rhode Island, Tennessee, Vermont, Virginia, Washington and Wisconsin and the District of Columbia

By: /s/ Christopher L. Nelson
    CHRISTOPHER L. NELSON
    The Weiser Law Firm
    22 Cassatt Ave.
    Berwyn, PA 19312
    Tel:  (610) 249-0005