UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | Civil Action Nos. 11-74 (RBW) |
| ex rel. LESLEY FERRARA, et al., | ) | 11-1596 (RBW) |
| | ) | 11-1662 (RBW) |
| Plaintiffs, | ) | 13-221 (RBW) |
| | ) | 13-1529 (RBW) |
| v. | ) | 16-1605 (RBW) |
| | ) | 17-791 (RBW) |
| NOVO NORDISK, INC., et al., | ) | |
| Defendants. | ) | |

**ORDER**

In July 2017, the United States, Novo Nordisk, Inc. ("Novo Nordisk"), and the relators in the above-captioned cases entered into a settlement agreement resolving the relators' claims and requiring Novo Nordisk to pay $43,179,036.87 to the United States (the "Federal Settlement Amount") and $3,320,963.13 to various Medicaid participating states (the "Medicaid State Settlement Amount"), including states named as plaintiffs in the above-captioned cases (the "Named Plaintiff States").  See Relator Kennedy's Combined Reply Brief to Relators 4–6's Oppositions Regarding Relator Kennedy's Status as First-to-File, Exhibit B (Settlement Agreement) (the "Settlement Agreement") at 8, United States ex rel. Kennedy v. Novo A/S, Civ. Action No. 13-1529, ECF No. 101.  On October 27, 2017, relator Elizabeth Kennedy filed Relator Kennedy's Motion for Immediate Award of Relator's Share ("Kennedy's Mot."), which sought "an immediate award of at least the minimum [fifteen percent] of the settlement amount[s] that she is statutorily entitled to under the [False Claims Act] and state statutes." Kennedy's Mot. at 1, Kennedy, Civ. Action No. 13-1529, ECF No. 96.

On June 1, 2018, pending its consideration of relator Kennedy's motion, this Court ordered the United States "to deposit the sum of $6,543,734.55 into the Court's registry, which represents fifteen percent of the amount paid by Novo Nordisk to the United States pursuant to" the Settlement Agreement (the "federal relator's share"), Order at 3 (June 1, 2018), United States ex rel. Ferrara v. Novo Nordisk, Inc., Civ. Action No. 11-74, ECF No. 99, and ordered the Named Plaintiff States "to deposit into the Court's registry the sum of $381,317.86," id., which represents "fifteen percent of the portion of the separate settlements paid by Novo Nordisk to the participating Named Plaintiff States obligated to pay a relator share" (the "state relator's share"), id. at 3 n.1.  The Court further ordered that

> [t]he amount[s] [ ] be held in the Court's registry pending the Court's adjudication of the relator share dispute amongst the relators over entitlement to a relator share of the . . . settlement proceeds and until all appeals are exhausted (or the time for filing any notices of appeal has expired).

Id. at 3.

On April 8, 2019, the Court granted in part relator Kennedy's motion and awarded her a minimum of fifteen percent of both the federal relator's share and the state relator's share, thereby resolving the relators' dispute regarding which relator is entitled to those shares.  See Order at 1 (Apr. 8, 2019), Kennedy, Civ. Action No. 13-1529, ECF No. 111.  Then, on July 11, 2019, the relators who the Court determined are not entitled to a relator's share filed motions to dismiss with prejudice their claims to a relator's share.  See Unopposed Motion for Dismissal of Claim to Relator Share at 2, Ferrara, Civ. Action No. 11-74, ECF No. 104; Unopposed Motion for Dismissal of Claim to Relator Share at 2, United States ex rel. Myers v. Novo Nordisk, Inc., Civ. Action No. 11-1596, ECF No. 82; Unopposed Motion for Dismissal of Claim to Relator Share at 2, United States ex rel. Dastous v. Novo Nordisk, Inc., Civ. Action No. 11-1662, ECF No. 86; Unopposed Motion for Dismissal of Claim to Relator Share at 2, United States ex rel.

2

The Estate of McKenzie Stepe v. Novo Nordisk, Inc., Civ. Action No. 13-221, ECF No. 72; Unopposed Motion for Dismissal of Claim to Relators Share at 2, United States ex rel. Gratton v. Precision Med. Grp., Inc., Civ. Action No. 17-791, ECF No. 85.

"On July 18, 2019, the Court's Finance Office informed the Court that the United States did not deposit the federal relator's share into the Court's registry as ordered, but rather deposited the federal relator's share into an account held by the Administrative Office ('AO') of the United States Courts." Order at 2 (July 22, 2019), Kennedy, Civ. Action No. 13-1529, ECF No. 119. "While in the AO's account, the federal relator's share did not accrue interest, as would have been the case had the funds been deposited into the Court's registry as ordered by the Court." Id. To address this issue, the Court ordered the parties to appear for a status conference on July 24, 2019. See id. At the July 24, 2019 status conference, counsel for the United States confirmed that the Financial Litigation Unit of the United States Attorney's Office for the District of Columbia (the "Financial Litigation Unit") deposited the federal relator's share into the AO's account and represented that the federal relator's share remains in that account. Counsel for the United States further represented that the Court deducted from the federal relator's share a three percent processing fee. Following the status conference, the Court's Finance Office represented to the Court that the AO has returned the federal relator's share to the Financial Litigation Unit, which currently possesses the funds, and that the Financial Litigation Unit, not the Court, deducted the three percent processing fee referenced by counsel for the United States. The Finance Office also informed the Court that no party ever deposited the state relator's share into the Court's registry.

Upon consideration of the relators' motions to dismiss with prejudice their claims to any relator's share, and given that no party opposes those motions, the Court will grant the motions

and dismiss the relators' claims. Additionally, because the Court has resolved the relator's share dispute in relator Kennedy's favor, and because the relators who the Court determined are not entitled to a relator's share have moved to dismiss their claims, the Court finds it appropriate to order that the federal relator's share and the state relator's share be disbursed to relator Kennedy. Accordingly, it is hereby

ORDERED that relators The Estate of Lesley Ferrara and Shelly Kelling's Unopposed Motion for Dismissal of Claim to Relator Share, Ferrara, Civ. Action No. 11-74, ECF No. 104, is **GRANTED**. It is further

ORDERED that relators The Estate of Lesley Ferrara and Kelling's claims pursuant to 31 U.S.C. § 3730(d) (2018) or to any similar state statute for a share of the proceeds of the Federal Settlement Amount or the Medicaid State Settlement Amount, as those terms are defined by the Settlement Agreement, or to any other recovery of the United States against Novo Nordisk, to the extent not previously waived, including to a share of the recovery of the civil settlement between Novo Nordisk and the United States pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA") (the "civil FDCA settlement"),[1] are **DISMISSED WITH PREJUDICE**. It is further

ORDERED that relator David Myers's Unopposed Motion for Dismissal of Claim to Relator Share, Myers, Civ. Action No. 11-1596, ECF No. 82, is **GRANTED**. It is further

ORDERED that relator Myers's claims pursuant to 31 U.S.C. § 3730(d) or to any similar state statute for a share of the proceeds of the Federal Settlement Amount or the Medicaid State Settlement Amount, as those terms are defined by the Settlement Agreement, or to any other

---

[1] The United States filed a separate civil action against Novo Nordisk pursuant to the FDCA on September 5, 2017, see Complaint ¶ 1, United States v. Novo Nordisk, Inc., Civ. Action No. 17-1820, which it agreed to dismiss "pursuant to [a] settlement agreement the parties . . . entered into on July 26, 2017," Joint Stipulation for Dismissal and [Proposed] Order at 1 (Sept. 5, 2017), Novo Nordisk, Inc., Civ. Action No. 17-1820.

recovery of the United States against Novo Nordisk, to the extent not previously waived, including to a share of the recovery of the civil FDCA settlement between Novo Nordisk and the United States, are **DISMISSED WITH PREJUDICE**.  It is further

**ORDERED** that relator Peter Dastous's Unopposed Motion for Dismissal of Claim to Relator Share, <u>Dastous</u>, Civ. Action No. 11-1662, ECF No. 86, is **GRANTED**.  It is further

**ORDERED** that relator Dastous's claims pursuant to 31 U.S.C. § 3730(d) or to any similar state statute for a share of the proceeds of the Federal Settlement Amount or the Medicaid State Settlement Amount, as those terms are defined by the Settlement Agreement, or to any other recovery of the United States against Novo Nordisk, to the extent not previously waived, including to a share of the recovery of the civil FDCA settlement between Novo Nordisk and the United States, are **DISMISSED WITH PREJUDICE**.  It is further

**ORDERED** that relator The Estate of McKenzie Stepe's Unopposed Motion for Dismissal of Claim to Relator Share, <u>The Estate of McKenzie Stepe</u>, Civ. Action No. 13-221, ECF No. 72, is **GRANTED**.  It is further

**ORDERED** that relator The Estate of McKenzie Stepe's claims pursuant to 31 U.S.C. § 3730(d) or to any similar state statute for a share of the proceeds of the Federal Settlement Amount or the Medicaid State Settlement Amount, as those terms are defined by the Settlement Agreement, or to any other recovery of the United States against Novo Nordisk, to the extent not previously waived, including to a share of the recovery of the civil FDCA settlement between Novo Nordisk and the United States, are **DISMISSED WITH PREJUDICE**.  It is further

**ORDERED** that relators Kathleen Gratton and Raymond Hippolyte's Unopposed Motion for Dismissal of Claim to Relators Share, <u>Gratton</u>, Civ. Action No. 17-791, ECF No. 85, is **GRANTED**.  It is further

**ORDERED** that relators Gratton and Hippolyte's claims pursuant to 31 U.S.C. § 3730(d) or to any similar state statute for a share of the proceeds of the Federal Settlement Amount or the Medicaid State Settlement Amount, as those terms are defined by the Settlement Agreement, or to any other recovery of the United States against Novo Nordisk, to the extent not previously waived, including to a share of the recovery of the civil FDCA settlement between Novo Nordisk and the United States, are **DISMISSED WITH PREJUDICE**.  It is further

**ORDERED** that the United States shall **DISBURSE** forthwith to relator Kennedy the federal relator's share, including any three percent processing fee previously deducted by the Financial Litigation Unit.[2]  It is further

**ORDERED** that the Named Plaintiff States shall **DISBURSE** forthwith to relator Kennedy the state relator's share.  It is further

**ORDERED** that, on or before August 8, 2019, the United States, the Named Plaintiff States, and relator Kennedy shall file a joint status report informing the Court of their efforts to resolve the issue of whether the United States and the Named Plaintiff States should be required to pay relator Kennedy a sum representing the amount of interest that the federal relator's share and the state relator's share would have accrued had those funds been deposited into the Court's registry as ordered by the Court, and, if the parties have not reached a resolution, proposing a schedule for how the Court should resolve that issue.  It is further

**ORDERED** that Civil Action Nos. 11-74, 11-1596, 11-1662, 13-221, 16-1605,[3] and 17-791 are **CLOSED**.  It is further

---

[2] Based on the representation of the Court's Finance Office that the federal relator's share is currently held by the Financial Litigation Unit, the Court finds that ordering the United States to disburse the federal relator's share directly to relator Kennedy, rather than requiring the United States to transfer the funds to the Court's registry, is the most expeditious manner of proceeding with disbursing the federal relator's share.

[3] The Court previously dismissed all claims asserted by the relators in Civil Action No. 16-1605, including the

(continued . . . )

**ORDERED** that the Clerk of the Court shall not terminate from the Court's docket any parties in Civil Action Nos. 11-74, 11-1596, 11-1662, 13-221, and 17-791, or the parties' respective attorneys in those cases.[4]

**SO ORDERED** this 25th day of July, 2019.

REGGIE B. WALTON<br>
United States District Judge

---

( . . . continued)
relators' claims to a relator's share. See Order ¶¶ 1–3 (Sept. 1, 2017), United States ex rel. Smith v. Novo Nordisk, Inc., Civ. Action No. 16-1605, ECF No. 18; Order at 3 (Oct. 5, 2017), Smith, Civ. Action No. 16-1605, ECF No. 25; Order at 2 (Nov. 6, 2017), Smith, Civ. Action No. 16-1605, ECF No. 27. Thus, the Court finds it appropriate to close Civil Action No. 16-1605.

[4] Because the Clerk of the Court will not terminate from the Court's docket any parties in Civil Action Nos. 11-74, 11-1596, 11-1662, 13-221, and 17-791, or their respective attorneys, any party may file on the docket in these cases a motion to reopen the cases should any further disputes arise regarding the relator's share. Thus, this Order closing these cases will not preclude the parties from bringing any such disputes to the Court's attention in the future.